**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| KAMYAR KOMEILI BIRJANDEE,<br><br>Plaintiff, *pro se*,<br><br>v.<br><br>UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, *et al.*,<br><br>Defendants. | ) | Civil Action No. 8:25-cv-02620-LKG<br><br>Dated: August 14, 2026 |

**MEMORANDUM OPINION**

## I. INTRODUCTION

In this civil action, the Plaintiff *pro se*, Kamyar Komeili Birjandee, brings certain claims arising from the termination of his employment with the federal Government against the Defendants, the Department of Veterans Affairs (the "VA") and the United States Environmental Protection Agency (the "EPA"). *See generally* ECF No. 1. The Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6) and 56. ECF Nos. 38 and 38-1. The parties have also filed several other motions that are pending before the Court. ECF Nos. 12, 19, 20, 21, 24, 31, 36, 44 and 47.

The Defendants' dispositive motion is fully briefed. ECF Nos. 38, 38-1, 46, 46-1 and 48. No hearing is necessary to resolve the pending motion. L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 38); (2) **DENIES-as-MOOT** the Plaintiff's motion for extension of time to effect service (ECF No. 12); (3) **DENIES-as-MOOT** the Plaintiff's motion for sanctions against the Defendants (ECF No. 19); (4) **DENIES-as-MOOT** the Defendants' motion for status report and to set time to respond to complaint (ECF No. 20); (5) **DENIES-as-MOOT** the Defendants' corrected motion for status report and to set deadline for response to complaint (ECF No. 21); (6) **DENIES-as-MOOT** the Plaintiff's renewed emergency motion for temporary injunctive relief (ECF No. 24); (7) **DENIES-as-MOOT** the Plaintiff's motion for Clerk's entry of default (ECF No. 31); (8) **DENIES-as-MOOT** the Plaintiff's second motion for Clerk's entry of default (ECF No. 36); (9)

**DENIES-as-MOOT** the Plaintiff's consent motion for extension of time to respond to the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 44); (10) **DENIES-as-MOOT** the Defendants' motion for extension of time to file a reply brief (ECF No. 47); and (11) **DISMISSES** the complaint.

## II. FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

In this civil action, the Plaintiff, Kamyar Komeili Birjandee, asserts claims against the EPA and VA arising from the termination of his employment with these federal agencies and his non-conversion to permanent employment at the EPA. *See generally* ECF No. 1. Specifically, the Plaintiff identifies the following legal claims in the complaint: (1) violation of 5 C.F.R. § 362.305(b) (Count I); (2) procedural due process violation under 5 U.S.C. § 7513(b) (Count II); (3) agency action unlawfully withheld or unreasonably delayed (APA, 5 U.S.C. § 706(1) (Count III); and (4) agency action that is arbitrary, capricious, or not in accordance with law, 5 U.S.C. § 706(2)(A) (Count IV). *Id.* at 3. As relief, the Plaintiff seeks, among other things: (1) a declaratory judgment that the termination of his employment with the EPA and his non-conversion to permanent employment at the EPA were unlawful; (2) an order for the reinstatement of his employment with the EPA; (3) an order directing the VA to correct his employment records; and (4) back pay and other benefits. *Id*. at Prayer for Relief.

In the complaint, Mr. Birjandee alleges that he brings the above claims pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, and the federal question statute, 28 U.S.C. § 1331. *Id.* at 2. And so, Mr. Birjandee alleges that the Court possesses subject-matter jurisdiction to consider these claims under the APA and Section 1331. *Id.*

<u>The Parties</u>

Plaintiff Kamyar Komeili Birjandee is a Maryland resident and a former term-appointed employee of the VA and the EPA. *Id*. at ¶¶ 1 and 4.

Defendant the United States Environmental Protection Agency is an agency of the United States Government that has its headquarters in Washington, DC. *Id*. at ¶ 2.

Defendant Department of Veterans Affairs is an agency of the United States Government that has its headquarters in Washington, DC. *Id*. at ¶ 3.

---

[1] The facts recited in this memorandum opinion are taken from the complaint, the Defendant's motion to dismiss and memorandum in support thereof and exhibits attached thereto, the Plaintiff's response in opposition and memorandum in support thereof and exhibits attached thereto, and the Defendant's reply brief. ECF Nos. 1, 1-2, 38, 38-1, 38-2, 38-3, 38-4, 38-5, 38-6, 38-7, 38-8, 38-14, 38-15, 46, 46-1, 46-19, 46-21 and 48.

The Plaintiff's Employment With The VA

As background, in August 2023, Mr. Birjandee was selected for a paralegal specialist position at the VA's Office of General Counsel. ECF No. 38-2, Def. Ex. 1 (Vacancy Announcement); ECF No. 38-3, Def. Ex. 2 (Offer Letter). And so, Mr. Birjandee began work at the VA in October 2023. ECF No. 1 at ¶ 4.

The VA's hiring paperwork for Mr. Birjandee provides that he was designated as a career conditional appointment in the competitive service under 5 C.F.R. § 315.614(A). ECF No. 38-4, Def. Ex. 3 (October 8, 2023, Standard Form 50). And so, Mr. Birjandee's employment with the VA was conditioned upon his successful completion of a one-year probationary period. *See id.*

The Plaintiff's Employment With The EPA

Mr. Birjandee remained at the VA until July 2024, when he accepted a position with the EPA. ECF No. 1 at ¶ 5; ECF No. 38-5, Def. Ex. 4 (July 13, 2024, Standard Form 50). Mr. Birjandee's position at the EPA was a "recent graduates" position through the agency's "Pathways Program." ECF No. 1-2, Pl. Ex. 2 (July 14, 2024, Standard Form 50); ECF No. 38-5, Def. Ex. 4 (July 13, 2024, Standard Form 50); ECF No. 38-6, Def. Ex. 5 (July 2, 2024, EPA Welcome Letter). And so, this position was for a one-year term appointment, that had "minimum eligibility requirements" for non-competitive conversion at the end of the program, in July 2025. ECF No. 38-8, Def. Ex. 7 (Participant Agreement) at 2-3.

Mr. Birjandee alleges that he was promoted by the EPA for exceptional service, after completing one year of employment under the recent graduate Pathways Program, in October 2024. ECF No. 1 at ¶ 6. But Mr. Birjandee alleges that the EPA terminated his employment with the agency, without prior notice, on July 15, 2025. *Id.* at ¶ 7; ECF No. 38-14, Def. Ex. 13 (July 14, 2025, Standard Form 50); ECF No. 38-15, Def. Ex. 14 (Notice of Non-Conversion from Pathways Recent Graduate Program). And so, Mr. Birjandee contends in this case that the EPA's failure to convert him to a permanent employee with that agency violates 5 C.F.R. § 362.305(b). ECF No. 1 at ¶ 8.

Mr. Birjandee also alleges that the VA misclassified his original appointment with that agency, by failing to properly code his employment under the correct program. *Id.* at ¶ 9. In this regard, Mr. Birjandee alleges that, in February 2025, he notified the EPA and VA about this alleged classification error and that he had fulfilled all required training, development and performance standards. *Id.* at ¶ 10.

Mr. Birjandee contends that the Defendants violated 5 C.F.R. § 362.305(b) and the APA, by misclassifying his employment at the VA and by terminating his employment with the EPA. *Id.* at 3-4. And so, Mr. Birjandee seeks, among other things, (1) a declaratory judgment that the termination of his employment with the EPA and his non-conversion to permanent employment at the EPA were unlawful; (2) an order for the reinstatement of his employment with the EPA; (3) an order directing the VA to correct his employment records; and (4) back pay and other benefits.[2] *Id.* at Prayer for Relief.

**B. Relevant Procedural Background**

Mr. Birjandee commenced this civil action on August 8, 2025. ECF No. 1. On February 13, 2026, the Defendants filed a motion to dismiss this matter, or, alternatively, for summary judgment and a memorandum in support thereof, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56. ECF Nos. 38 and 38-1.

On March 18, 2026, Mr. Birjandee filed a response in opposition to the Defendants' motion and a memorandum in support thereof. ECF Nos. 46 and 46-1. The Defendants filed a reply brief on April 6, 2026. ECF No. 48.

The Defendants' motion to dismiss, or, alternatively, for summary judgment, having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

**A. *Pro Se* Litigants**

The Plaintiff is proceeding in this matter without the assistance of counsel. And so, the Court must construe the complaint liberally. *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980). But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"); *Bell v. Bank of Am., N.A.*, No. 13-478, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is

---

[2] In August of 2025, Mr. Birjandee filed an appeal challenging the EPA's decision to not to convert his "recent graduates" position to a competitive service position with the Merit Systems Protection Board ("MSPB"). ECF No. 46 at 4; ECF No. 46-19 (MSPB Appeal). On September 24, 2025, the MSPB issued an initial decision finding that the Plaintiff had not established that the MSPB had jurisdiction to consider his challenge to the EPA's decision not to convert his "recent graduate" position to a competitive position, because that position is a Schedule D term limited appointment under the Pathways Program and was, thus, subject to a trial period under 5 C.F.R. § 213.3402. ECF No. 46 at 5; ECF No. 46-21 (MSPB Initial Decision) at 2-3. The Plaintiff did not appeal the MSPB's initial decision. ECF No. 38-1 at 6; ECF No. 46-1 at 7.

general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." (quotations and citations omitted)). And so, if a plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

**B. Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is a challenge to the Court's "competence or authority to hear the case." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). In this regard, the United States Supreme Court has explained that subject-matter jurisdiction is a "threshold matter" that is "inflexible and without exception." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1995) (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). And so, an objection that the Court lacks subject-matter jurisdiction "may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506 (2006).

The United States Court of Appeals for the Fourth Circuit has also explained that the plaintiff bears the burden of establishing that subject-matter jurisdiction exists. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (citing *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Given this, the Court "regard[s] the pleadings as mere evidence on the issue[] and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment," when deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Id.* (citation omitted). And so, if a plaintiff "fails to allege facts upon which the court may base jurisdiction," then the Court should grant a motion to dismiss for lack of subject-matter jurisdiction. *Davis*, 367 F. Supp. 2d at 799.

**C. Fed. R. Civ. P. 12(b)(6)**

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible when "the plaintiff pleads factual content that allows the [C]ourt to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). When evaluating the sufficiency of the plaintiff's claims under Fed. R. Civ. P. 12(b)(6), the Court accepts the factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com,*

*Inc.*, 591 F.3d 250, 253 (4th Cir. 2009); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005) (citations omitted). But, the complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." *Nemet Chevrolet, Ltd.*, 591 F.3d at 255. And so, the Court should grant a motion to dismiss for failure to state a claim if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *GE Inv. Priv. Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 249-50 (1989)).[3]

**D. The APA**

An agency action is reviewable under the APA when it is "made reviewable by statute" or is "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. But, the APA "excludes from its waiver of sovereign immunity claims for which an adequate remedy is available elsewhere" as well as "claims seeking relief expressly or impliedly forbidden by another statute." *Fornaro v. James*, 416 F.3d 63, 66 (D.C. Cir. 2005); 5 U.S.C. § 701(a)(1) (providing that the APA does not apply when other statutes preclude judicial review). In this regard, the Supreme Court has held that the APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *see also In re Show Cause Ord. Dated Nov. 17, 2021*, No. 21-03209, 2022 WL 2703822, at *4 (D. Md. July 11, 2022). And so, when Congress has provided a plaintiff with statutory schemes and remedies through which he may seek relief, the plaintiff's APA claim must be dismissed. *Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991).

**E. The CSRA**

The Civil Service Reform Act ("CSRA") "established a comprehensive system for reviewing personnel action taken against federal employees" and applicants. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5-6 (2012) (quoting *United States v. Fausto*, 484 U.S. 439, 455 (1988)); *State of Maryland v. United States Dep't of Agric.*, 151 F.4th 197, 215 (4th Cir. 2025); *see also Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991); 5 U.S.C.

---

[3] A motion to dismiss under the Federal Rule of Civil Procedure 12(b)(6) "must be treated as one for summary judgment" when "matters outside the pleadings are presented" to the Court. *See* Fed. R. Civ. P. 12(d). The United States Court of Appeals for the Fourth Circuit has held, however, that documents are not considered to be matters outside of the pleadings if they are "explicitly incorporated into the complaint by reference," or are "integral to the complaint and there is no dispute about the document's authenticity." *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

§ 2302(a)(2)(A)(i)-(xii) (defining "personnel actions"). Relevant to the pending motion, the CSRA provides that an individual who is serving in a term limited or temporary excepted position with a federal agency is not an "employee" as defined by the CSRA. *See* 5 U.S.C. § 7511(a)(1). The MSPB has also held that an individual serving in a term appointment, whose appointment ends upon the expiration of that term, cannot bring an adverse action that may be challenged under the CSRA. *See Sohbatzadehlanbar v. Dep't of the Navy*, No. SF-0752-18-0579-I1, 2024 WL 3983843, at *2 (M.S.P.B. Aug. 28, 2024) (affirming initial decision that dismissed the former employee's appeal for lack of jurisdiction, because MSPB review of the end of the appellant's employment upon termination of his term appointment in the Pathways Program was not available).

In addition, courts have held that the "CSRA provides the exclusive means for federal employees to obtain judicial review of adverse personnel actions even in circumstances where . . . the CSRA itself forecloses review." *Nat'l Treasury Emps. Union v. Vought*, 149 F.4th 762, 775 (D.C. Cir. 2025) (citing *Fausto*, 484 U.S. at 447). "[T]he 'failure to include' any relief 'within the remedial scheme of so comprehensive a piece of legislation [as the CSRA] reflects a congressional intent that no judicial relief be available.'" *Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) (quoting *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir. 1983)). And so, when the CSRA precludes judicial review of adverse personnel actions, the APA cannot be used to circumvent it. *Harrison v. Bowen*, 815 F.2d 1505, 1513 (D.C. Cir. 1987); *see also id.* at 67 (holding that when "no remedy [is] available under the APA for an employment claim as to which the CSRA provide[s] no relief").

**F. The Privacy Act**

Lastly, the Privacy Act provides a cause of action for the failure to maintain accurate employment records of employees of federal Government agencies and provides a mechanism to challenge the accuracy of such records. *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012); 5 U.S.C. § 552a; *see also Peter B. v. C.I.A.*, 620 F. Supp. 2d 58, 74-75 (D.D.C. 2009) (holding that the plaintiff stated a claim under Section 552a(e) of the Privacy Act based on the plaintiff's allegations that the Government violated that section by failing to maintain accurate and complete records "necessary to denote [the plaintiff's] true employment status with the CIA"). Given this, the Privacy Act "allows for amendment of factual or historical errors," but it is not the proper vehicle for "amending the *judgments* of federal officials … as those judgments are reflected in records maintained by federal agencies." *Peter B.*, 620 F. Supp. 2d at 76 (quoting *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992))

(emphasis in original). But, if a plaintiff seeks to challenge the judgments made by an administrative agency regarding his or her employment records, rather than factual inaccuracies of such records, the plaintiff must bring that claim under the CSRA. *See id.* Such a plaintiff must also exhaust his or her administrative remedies, by filing a request for amendment of the records at issue in conformity with the agency's regulations, before commencing a lawsuit under the Privacy Act. *See, e.g.*, *Olivares v. Nat'l Aeronautics*, 882 F. Supp. 1545, 1552 (D. Md. 1995), *aff'd sub nom. Olivares v. Nat'l Aeronautics & Space Admin.*, 103 F.3d 119 (4th Cir. 1996).

## IV. ANALYSIS

The Defendants have moved to dismiss the complaint, or, alternatively, for summary judgment on the Plaintiff's claims, pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 56, upon the following grounds: (1) Mr. Birjandee's claims against the VA challenging the accuracy of his personnel records are not actionable under the APA; (2) Mr. Birjandee has failed to exhaust his claims against the VA challenging the accuracy of his personnel records under the Privacy Act; (3) Mr. Birjandee cannot challenge his non-conversion to a permanent position under the APA; and (4) the CSRA precludes judicial review of Mr. Birjandee's challenge of his non-conversion to a permanent position. ECF No. 38-1 at 9-13. And so, the Defendants request that the Court either dismiss the complaint, or enter summary judgment in their favor on the Plaintiff's claims. *Id.* at 13.

In his response in opposition to the Defendants' dispositive motion, the Plaintiff counters that the Court should not dismiss this matter, because: (1) the Court may review his challenges to unlawful administrative classification and inconsistent agency actions that were not reviewed by the MSPB; (2) he does not seek review of the MSPB's initial decision regarding his claims; (3) he properly challenges unlawful administrative actions in this case; (4) his claims seek more than a record correction; and (5) the dismissal of this matter would leave him without any forum for review. ECF No. 46 at 10-15. And so, Mr. Birjandee requests that the Court deny the Defendants' dispositive motion. *Id*. at 18.

For the reasons that follow, the Court reads the complaint to assert claims against the Defendants under the CSRA and the Privacy Act. A careful reading of the complaint also shows that Mr. Birjandee fails to state a plausible claim under the CSRA, because he acknowledges that he was a term-appointed employee with the EPA and such employees are exempted from the protections of the CSRA.

In addition, the complaint makes clear that Mr. Birjandee fails to state a plausible Privacy Act claim in this case, because it is undisputed that he has not exhausted his administrative remedies under that statute before commencing this civil action. Lastly, Mr. Birjandee cannot rely upon the APA to circumvent the requirements of the CSRA and Privacy Act and to establish subject-matter jurisdiction in this case. And so, the Court: (1) GRANTS the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 38); (2) DENIES-as-MOOT the Plaintiff's motion for extension of time to effect service (ECF No. 12); (3) DENIES-as-MOOT the Plaintiff's motion for sanctions against the Defendants (ECF No. 19); (4) DENIES-as-MOOT the Defendants' motion for status report and to set time to respond to complaint (ECF No. 20); (5) DENIES-as-MOOT the Defendants' corrected motion for status report and to set deadline for response to complaint (ECF No. 21); (6) DENIES-as-MOOT the Plaintiff's renewed emergency motion for temporary injunctive relief (ECF No. 24); (7) DENIES-as-MOOT the Plaintiff's motion for Clerk's entry of default (ECF No. 31); (8) DENIES-as-MOOT the Plaintiff's second motion for Clerk's entry of default (ECF No. 36); (9) DENIES-as-MOOT the Plaintiff's consent motion for extension of time to respond to the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 44); (10) DENIES-as-MOOT the Defendants' motion for extension of time to file a reply brief (ECF No. 47); and (11) DISMISSES the complaint.

**A. The Plaintiff Fails To State Plausible Claims Against The Defendants**

As an initial matter, a careful reading of the complaint shows that the Plaintiff brings claims under the CSRA and Privacy Act in this civil action. *See* ECF No. 1 at ¶¶ 8, 9 and Prayer for Relief (alleging that: (1) the EPA terminated the Plaintiff and failed to convert him to a permanent employee; (2) the VA did not properly classify the Plaintiff's original appointment at the VA; and (3) requesting that the VA correct the Plaintiff's appointment record). The complaint also makes clear that the Plaintiff has not alleged plausible CSRA and Privacy Act claims in this case for two reasons.

First, the Plaintiff's claim challenging his termination and non-conversion to a permanent position at the EPA is precluded by the CSRA. It is well-established that the CSRA "established a comprehensive system for reviewing personnel action taken against federal employees" and applicants. *Elgin v. Dep't of Treasury*, 567 U.S. 1, 5-6 (2012); *see also Mittleman v. U.S. Treasury*, 773 F. Supp. 442, 449 (D.D.C. 1991); 5 U.S.C. § 2302(a)(2)(A)(i)-(xii) (defining "personnel actions"). Relevant here, the CSRA makes clear

that an individual who is serving in a term limited or temporary excepted position with a federal agency is not an "employee" as defined by that statute. *See* 5 U.S.C. § 7511(a)(1).

Given this, an individual serving in a term appointment, whose appointment ends upon the expiration of that term, cannot bring an adverse action that may be challenged under the CSRA. *See Sohbatzadehlanbar v. Dep't of the Navy*, No. SF-0752-18-0579-I1, 2024 WL 3983843, at *2 (M.S.P.B. Aug. 28, 2024) (affirming the initial decision that dismissed the former employee's appeal for lack of jurisdiction, because the MSPB review of the end of the appellant's employment upon termination of his term appointment in the Pathways Program was not available). Courts have also held that, when the CSRA precludes judicial review of adverse personnel actions, the APA cannot be used to circumvent it. *Harrison v. Bowen*, 815 F.2d 1505, 1513 (D.C. Cir. 1987); *see also Fornaro v. James*, 416 F.3d 63, 67 (D.C. Cir. 2005) (holding that when "no remedy [is] available under the APA for an employment claim as to which the CSRA provide[s] no relief" (quoting *Carducci v. Regan*, 714 F.2d 171, 174 (D.C. Cir. 1983))).

In this case, Mr. Birjandee acknowledges that he served in a "recent graduates" position through the EPA's "Pathways Program," which was for a term appointment, at the end of which Mr. Birjandee may be converted to a permanent appointment or may be terminated. ECF No. 1 at 2-3; ECF No. 1-2, Pl. Ex. 2 (July 14, 2024, Standard Form 50). Given this, the factual allegations in the complaint, taken as true, show that Mr. Birjandee's claim challenging his non-conversion to a permanent position at the EPA is subject to the CSRA. *Elgin*, 567 U.S. at 5-6; *United States v. Fausto*, 484 U.S. 439, 455 (1988)); *see also Mittleman*, 773 F. Supp. at 449; 5 U.S.C. § 2302(a)(2)(A)(i)-(xii) (defining "personnel actions").

The CSRA also makes clear that Mr. Birjandee cannot pursue such a claim in this forum, because an individual who is serving in a term limited or temporary excepted position with a federal agency is not an "employee" as defined by that statute. *See* 5 U.S.C. § 7511(a)(1); *see also Sohbatzadehlanbar*, 2024 WL 3983843, at *2. And so, the Court must DISMISS Mr. Birjandee's claim challenging his termination and non-conversion to a permanent position with the EPA. Fed. R. Civ. P. 12(b)(6).

To the extent that Mr. Birjandee seeks to challenge the VA's classification of his original appointment with that federal agency, and the VA's alleged failure to correct his appointment record, this claim must also fail. Mr. Birjandee's claim clearly arises under the Privacy Act. Notably, the Privacy Act provides for a cause of action when a federal agency fails to maintain accurate employment records for its employees and provides the mechanism

challenging the accuracy of federal agency records. *F.A.A. v. Cooper*, 566 U.S. 284, 287 (2012); 5 U.S.C. § 552a; *see also Peter B.*, 620 F. Supp. 2d at 74-75 (holding that the plaintiff stated a claim under Section 552a(e) of the Privacy Act based on the plaintiff's allegations that the Government violated that section by failing to maintain accurate and complete records "necessary to denote [the plaintiff's] true employment status with the CIA").

Before bringing a Privacy Act claim in this Court, Mr. Birjandee must first exhaust his administrative remedies, by filing a request for amendment of the records at issue in conformity with the VA's regulations. *See, e.g.*, *Olivares v. Nat'l Aeronautics*, 882 F. Supp. 1545, 1552 (D. Md. 1995), *aff'd sub nom. Olivares v. Nat'l Aeronautics & Space Admin.*, 103 F.3d 119 (4th Cir. 1996). There is no dispute that Mr. Birjandee did not administratively exhaust his Privacy Act claim in this case before he commenced this civil action. ECF No. 1 at ¶ 9 and Prayer for Relief. Given this, Mr. Birjandee has not complied with the statutory requirements for bringing a Privacy Act claim in this Court. And so, the Court must also DISMISS this claim. Fed. R. Civ. P. 12(b)(6).

As a final matter, the Court also observes that Mr. Birjandee may not rely upon the APA to circumvent the requirements for bringing his claims under the CSRA and the Privacy Act in this case. The APA "does not provide additional judicial remedies in situations where the Congress has provided special and adequate review procedures." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988); *see also In re Show Cause Ord. Dated Nov. 17, 2021*, No. 21-03209, 2022 WL 2703822, at *4 (D. Md. July 11, 2022). Courts have also long recognized that there is no remedy available under the APA for an employment claim for which the CSRA provides no relief. *Harrison v. Bowen*, 815 F.2d 1505, 1513 (D.C. Cir. 1987). Because the Plaintiff's claims in this matter would be actionable under either the CSRA or the Privacy Act, the Plaintiff cannot rely upon the APA to pursue these claims in this forum. And so, for all of the reasons stated above, the Court must DISMISS the complaint. Fed. R. Civ. P. 12(b)(1) and (b)(6).

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS** the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 38);

(2) **DENIES-as-MOOT** the Plaintiff's motion for extension of time to effect service (ECF No. 12);

(3) **DENIES-as-MOOT** the Plaintiff's motion for sanctions against the Defendants (ECF No. 19);

(4) **DENIES-as-MOOT** the Defendants' motion for status report and to set time to respond to complaint (ECF No. 20);

(5) **DENIES-as-MOOT** the Defendants' corrected motion for status report and to set deadline for response to complaint (ECF No. 21);

(6) **DENIES-as-MOOT** the Plaintiff's renewed emergency motion for temporary injunctive relief (ECF No. 24);

(7) **DENIES-as-MOOT** the Plaintiff's motion for Clerk's entry of default (ECF No. 31);

(8) **DENIES-as-MOOT** the Plaintiff's second motion for Clerk's entry of default (ECF No. 36);

(9) **DENIES-as-MOOT** the Plaintiff's consent motion for extension of time to respond to the Defendants' motion to dismiss, or, alternatively, for summary judgment (ECF No. 44);

(10) **DENIES-as-MOOT** the Defendants' motion for extension of time to file a reply brief (ECF No. 47); and

(11) **DISMISSES** the complaint.

A separate Order shall issue.

**IT IS SO ORDERED.**

s/ Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge